DOMENICO FRESSELLI *vs.* WASHBURN WIRE COMPANY.

MARCH 16, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.  This case is before us on the respondent employer's appeal from a decree entered in the superior court granting the employee's petition for review and ordering respondent to resume compensation payments on the basis of total incapacity in accordance with the preliminary agreement under the workmen's compensation act, general laws 1938, chapter 300.

The record discloses the following facts.  The petitioner was injured on April 13, 1944 by accident arising out of and in the course of his employment by the respondent. He fell approximately ten feet into a pit, injuring his back and fracturing several vertebrae, which required considerable hospital treatment and the wearing of a special brace. At the time of his injury the petitioner's average weekly wage was $49.38.  A preliminary agreement, duly approved by the director of labor, on the basis of total incapacity was entered into on April 24, 1944, and weekly payments of $20 in accordance therewith were duly made by the respondent.

Subsequently the respondent employer filed a petition for review of that agreement on the ground that the employee's incapacity had diminished or ended.  At a hearing thereon before the director of labor there was medical evidence that the employee "should be able to do practically all forms of work other than heavy lifting"; that "a considerable degree of apprehension" existed; and that "the prognosis depends largely on the patient's cooperation."  It also appeared that the respondent offered petitioner a job as "Janitor for wages of $31.66 for 40 hours work."

On September 18, 1946 the director of labor rendered a decision which is material to the instant controversy.  Keeping in mind that in the petition for review then being heard the parties were reversed, the petitioner being the employer

and the respondent being the employee, the decision in question reads in part as follows:

"In the above situation we find that the petitioners have not, by the required preponderance of evidence, proved that that incapacity which was caused the respondent by the instant injury has ended, but they have proved that said incapacity has diminished to the extent that the respondent is now probably capable of earning, by working for them as a 'Janitor', $31.66 per week.

In consequence of this finding, we order that:

(1) for the period of ten days which shall follow the date of this decision, or until such time within said ten days as the petitioners shall be made aware that the respondent is refusing to engage in any kind of work or the respondent shall have begun to perform work for some employer, the petitioners shall continue to pay to the respondent compensation in accordance with the instant agreement.

(2) the respondent, unless in the alternative he elects to accept suspension of payment of that compensation which is herein involved, shall within ten days report to the petitioners for assignment to the work of a 'Janitor' and shall make an honest attempt to perform the work which said job of a 'Janitor' requires.

(3) the petitioners in the event of the respondents coming to engage in some work, either as aforesaid or otherwise, shall in substitution for that payment of compensation for which they are liable under the instant agreement pay to the respondent compensation in accordance with Article II, Section 11 of the Workmen's Compensation Act.

(4) the petitioners may in the event that the respondent shall not within ten days have either notified them of his intention with respect to return to work or shall have refused to engage in the work of a 'Janitor' or some other work which shall be proffered to him, and be of such

> specifications that its performance by a person of the respondent's qualifications and prevailing work capacity is reasonably expectable, substitute for that compensation for which they are now liable payment to the respondent of compensation for partial incapacity in accordance with Article II, Section 11 of the Workmen's Compensation Act at the rate of $10.67 per week."

No appeal was claimed by either party from that decision and the employee, on September 22, 1946, returned to work as a janitor, doing sweeping without any shoveling or heavy lifting. He continued at such work until December 23, 1946, excluding three weeks during which he was absent because of back trouble, which was treated by the plant doctor and his own physician. During the period of actual employment he received weekly wages of $31.66, and pursuant to the order of the director the petitioner was paid $10.67 weekly as partial compensation in accordance with art. II, §11, of the act.

During this employment the petitioner claims that respondent began to ask him to perform heavier work, including shoveling and lifting of substantial weights, all of which was beyond his ability to do. A conference was then held at which the petitioner, his lawyer, representatives of the respondent and its insurance carrier were present. The evidence as to what happened at such conference is conflicting. Petitioner claims it was agreed that he would not be asked to do any shoveling or lifting and could continue with sweeping. The respondent claims substantially that petitioner agreed to its request that he perform all the work of a janitor, including shoveling scrap into barrels. At any rate, petitioner resumed work and later the respondent became dissatisfied with his unwillingness to do such complete janitor's work as requested and he was discharged.

According to the petitioner the respondent gave him the alternative of then returning to his usual heavy work or being discharged, and that it held open only his original

job but not the work of a janitor. The respondent does not dispute the petitioner's discharge, but denies that it insisted upon his return to his original work as an alternative. It bases its action on the petitioner's alleged unwillingness to cooperate in rehabilitating himself and in refusing to perform a janitor's *complete* service.

After petitioner was discharged he brought the instant petition for review alleging that the dispute was "Whether the employee is entitled to compensation at the rate of $20.00 per week because the employers have refused him employment in accordance with decision of Department of Labor on Sept. 18, 1946." At the hearing in the superior court *de novo* on such petition the above-mentioned and other facts were presented in evidence, including the expressed willingness of the present respondent that petitioner return to his original heavy work but an unwillingness to permit him to resume the job as a janitor.

On this state of the evidence the trial justice decided from the bench that the decision of the director of labor dated September 18, 1946 "was manifestly setting up an experiment to return this man to his work to see if he could in fact do that job"; that he had tried in good faith to perform such work as he was able to do; and that he was still totally incapacitated. Accordingly a decree was entered containing the following findings of fact: "1. Petitioner is now and has been since December 23, 1946, totally disabled as the result of his original compensable injury. 2. Petitioner is injured and has done his utmost to perform some work and has made a genuine effort of restoring himself. 3. Employer's dissatisfaction in the opinion of the court was to petitioner's unwillingness rather than his work itself."

The respondent now contends chiefly that there is no legal evidence to support the first finding or a finding that petitioner's incapacity for work had increased after September 18, 1946, which it claims was the substantial issue raised by the petition for review. It is also contended that the decree is erroneous because, according to the decision

of the director of labor of September 18, 1946, the petitioner was found to be only partially incapacitated and entitled to $10.67 whether he took the janitor's job or refused to cooperate and do that work. It further contends that the trial justice's third finding, that petitioner's discharge was due to his unwillingness, amounted in effect to a finding that he had refused to cooperate in good faith to rehabilitate himself and therefore entitled him to receive no more than $10.67 as fixed in the decision of September 18, 1946.

These contentions, in our opinion, raise two principal questions: first, what is the meaning and effect of the above decision of the director of labor, which was not appealed; and, secondly, whether there is legal evidence to support the findings of fact in the decree as entered.

We cannot agree with the respondent's contention to the effect that the decision in question constituted an unqualified finding that the petitioner was only partially disabled to the extent of being entitled to $10.67 weekly, as computed for partial compensation under the act, or that the trial justice went back of the director of labor's decision to hear and decide *de novo* the question of petitioner's original total incapacity.

While the director of labor's decision may submit to different constructions, the trial justice did not agree with the respondent's interpretation thereof. Apparently he considered that decision as in the nature of a provisional order suspending payments under the preliminary agreement pending an attempt in good faith to rehabilitate the employee by having him try the work of janitor as offered. The order did not authorize the employer unconditionally to substitute partial compensation of $10.67 in place of total compensation then being paid under the preliminary agreement, but permitted respondent to suspend such payments only in the event that the employee was able to do the work of janitor as offered or refused to cooperate in good faith to see whether he could do that work.

From the medical testimony referred to in the director of labor's decision, the petitioner was unable to do any heavy work. It is a fair inference therefrom that the director's finding, that the work offered by the employer was probably within the employee's then capacity, contemplated that such work did not include shoveling or lifting substantial weights up to fifty pounds, as petitioner here testified he was later asked to do. Therefore in our opinion the trial justice's interpretation of the decision is not unreasonable and conforms to one view of the evidence and decision as they appear in the record of the instant case.

The next question is whether there was evidence to support the finding of the trial justice that the petitioner here had tried in good faith to perform the work and to cooperate in the experiment to ascertain the extent of his incapacity and to rehabilitate himself. If petitioner did try in good faith the respondent would have no reason to discharge him for unwillingness to cooperate; and his discharge would then amount to a withdrawal by the respondent of the job that it had offered and upon which offer the right to suspend payments for total compensation had been based. If petitioner refused to perform the duties of the work as offered by the respondent, in accordance with the gist of the director's decision of September 18, 1946, then the respondent's position here would be correct. But an examination of the record shows that there is conflicting evidence on this question. There is testimony, if believed, that the petitioner was being asked, contrary to the offer, to perform heavier work, such as shoveling and lifting up to fifty pounds of scrap; and also that his discharge was based upon his unwillingness to return to his original heavy work which was distinctly different from the offered work of janitor. This is disputed by the respondent, but the trial justice in his second finding in the decree concluded that the petitioner had attempted in good faith to cooperate and to do what work he was able. There being evidence

to support the finding, it therefore becomes conclusive under the act.

But the respondent further contends that the third finding is based on the petitioner's unwillingness and therefore in effect nullifies the second finding in the decree. In our opinion the third finding is not as clear as it might be. Nor is the decision of the trial justice, taken by itself, free of difficulty. However, when the third finding is read in connection with the evidence and discussion by the court and counsel, it is reasonably clear that the unwillingness mentioned in that finding was not an unwillingness to perform the janitor's work as offered at the hearing before the director of labor. It was rather an unwillingness to perform his original heavy work or to shovel and lift substantial weights of scrap as a part of the janitor's job, as respondent evidently desired. The trial justice seems to have understood and agreed with respondent that it may not have been getting full value for the money being paid, but nevertheless that the petitioner was doing all he was able.

That the petitioner's explanation of his inability to shovel and lift heavy weights had support in the evidence is clear from the fact that during the thirteen weeks following his return to work as a janitor doing *light* work, he had been forced to absent himself for three weeks because of recurring back trouble, which was treated both at the respondent's plant and by his own physician. The evidence in the instant case submits to a conclusion that the respondent, in substance and effect, by its discharge of the petitioner had withdrawn its offer to give him light work which he probably could do within the reasonable limits of his capacity as shown by the medical evidence before the director of labor and as referred to in the director's decision of September 18, 1946. The trial justice's finding, therefore, that petitioner was still totally disabled was not a retrial of petitioner's original incapacity. It was merely a finding in effect that respondent's withdrawal of the janitor's job

wiped out the basic condition upon which respondent was permitted to suspend payments under the agreement and caused petitioner's status to revert to that existing at the time of the director of labor's decision.

From a reading of the evidence and a consideration of all the arguments, it is our opinion that the trial justice interpreted the decision reasonably, and that there was legal evidence to support the findings in the decree, which therefore become conclusive under the act.

The appeal of the respondent is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Angelo A. Caldarone, Aram A. Arabian,* for petitioner.

*Worrell and Hodge, Lee A. Worrell,* for respondent.